[No. 3696.   Decided July 12, 1901.]

E. W. McGINNIS et ux., Appellants, v. H. GENSS et ux., Respondents.

UNLAWFUL DETAINER — NOTICE TO QUIT — SUFFICIENCY.

Under Bal. Code, § 5527, which provides that a tenant is guilty of unlawful detainer, "when he, having leased real property for an indefinite time, with monthly or other periodic rent reserved, continues in possession thereof after the end of any such month or period, in cases where the landlord, more than twenty days prior to the end of such month or period, shall have served notice requiring him to quit the premises at the expiration of such month or period," notice served just twenty days prior to the end of the month or period, excluding the day of service, is sufficient.

Appeal from Superior  Court, King  County.—Hon. Orange Jacobs, Judge.   Reversed.

Preston, Carr & Gilman, for appellants.

Fred H. Peterson, for respondents.

PER CURIAM.—Plaintiff E. W. McGinnis, some time prior to the first day of January, 1900, rented to respondent H. Genss certain premises in the city of Seattle. The renting was for an indefinite time, with monthly rent reserved, the same being payable monthly on the first day of each and every month.   Plaintiff concluded to terminate

the tenancy on the first day of February, 1900, and on the 11th day of January served upon defendant a notice to quit. Defendant refused to comply with the notice, and this action was commenced. A demurrer was interposed to the complaint, and sustained by the court, and judgment for defendant entered thereon.

The only question presented is the sufficiency of the notice. Section 5527, Bal. Code, reads:

"A tenant of real property for a term less than life is guilty of unlawful detainer either. . . . 2. When he, having leased real property for an indefinite time, with monthly or other periodic rent reserved, continues in possession thereof, in person or by subtenant, after the end of any such month or period, in cases where the landlord, more than twenty days prior to the end of such month or period, shall have served notice (in manner in this chapter provided) requiring him to quit the premises at the expiration of such month or period; . . . ."

Respondents contend that, as the notice was served on the 11th of January, terminating the tenancy on the 31st of January, the service was just twenty days prior to the end of the month, and the statute requires that notice be served more than twenty days prior to the end of the month. This contention cannot be maintained. The notice was to terminate at the end of the month ending January 31st. It was served on the 11th day of January. Including the day of service and excluding the last day of the month, there would be at the end of the month of January twenty days. The tenancy did not terminate until the end, and at the end of the twentieth day the next moment would be "more than twenty days." The word "more" does not add any additional time to the twenty days, but merely designates the complete expiration of that number of days. We think the notice was sufficient, and the judgment is reversed, with direction to overrule the demurrer.