MEYER *v.* JENKINS.

Opinion delivered October 8, 1906.

1.  SPECIFIC PERFORMANCE—OPTION.—A contract of lease which stipulates that the lessee at the expiration of the lease shall have the right to purchase the land if he chooses, without binding him to do so, is enforcible against the lessor. (Page 211.)

2.  SAME—DEFINITENESS OF CONTRACT.—An agreement of lease which provides that at the expiration of the lease the lessee shall have the privilege of purchasing the land at an agreed price, "exclusive of improvements, which shall be paid for extra, according to value," is enforcible. (Page 211.)

Appeal from Chicot Chancery Court; *Marcus L. Hawkins,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Mrs. C. Meyer and Abe Jenkins made the following contract in reference to a forty-acre tract of land in Chicot County, owned by Mrs. Meyer.

"Grand Lake, Arkansas, August first, 1899.

"The following agreement made between Abe Jenkins and C. Meyer, towit: C. Meyer leases to A. Jenkins the N. W. S. W. ¼ of section 2 in T. 18 S., R. 1 W., for a term of 3 years, beginning January 1, 1900, and terminating January 1, 1903, on the conditions as hereinafter provided, and C. Meyer agrees to build two cabins and one pump as soon as practical on said land, and furnish wire and staples to fence it. Abe Jenkins agrees to clear and put in cultivation about 15-20 acres of land to each house, all that can be put in cultivation of high tillable land, furnishes the posts and builds fence according to law. In consideration of faithful performance of said labor, the rent shall be free for the term, but without recourse for any improvements whatsoever. At expiration of lease C. Meyer grants first privilege to Jenkins to buy said land at $600 for forty acres on 2 or 3 years' time with ten per cent. interest, exclusive of any improvements and fencing, which shall be paid for extra, according to value.

[Signed]                                    "C. MEYER,
                                            "A. JENKINS."

Jenkins took possession of the land under the contract, and cleared the land as he agreed to do. At the expiration of the

80—14

lease he offered to purchase, but the parties could not agree as to the value of the improvements on the land.

Afterwards litigation commenced, and on the hearing the chancellor rendered a decree in favor of Jenkins against Mrs. Meyer, and referred the case to a master to take proof and determine the value of the improvements. The master heard evidence, and made a report that the improvements on the land consisted of a quarter of a mile of wire fencing and 35 acres of cleared land, and that the value of this improvement was $25 for the fencing and $10 per acre for clearing the land, amounting in all to $375. The chancellor, on exceptions to this report filed by Jenkins, found that the value of clearing the land was five dollars per acre, and sustained the exceptions to that extent, and held the total value of the improvements to be $200. He gave judgment accordingly, and Mrs. Meyer appealed.

*E. A. Bolton,* for appellant.

1. At the time the lease was executed, no contract of sale was entered into between the parties. Chancery will not decree specific performance if it is doubtful whether an agreement has been concluded, or is a mere negotiation, nor unless the proof is clear and satisfactory both as to the existence of the agreement and as to its terms. 149 U. S. 315; 68 Fed. Rep. 749; 39 U. S. 79; 127 U. S. 668; 128 U. S. 438; 9 N. E. 251; 44 Ark. 334; 39 Ark. 424; 23 Ark. 421; 12 Ark. 551; 34 Ark. 663; 70 Ill. 539; 79 Ill. 539; 82 Ill. 243; 18 Ala. 353; 77 Md. 314.

2. The chancellor erred in sustaining exceptions to the master's report with reference to the value of the improvements. While his findings are not absolutely conclusive, yet, so far as it depends on conflicting testimony or upon the credibility of witnesses, or so far as there is any testimony consistent with the findings, it should be treated as unassailable. 155 U. S. 629; 74 Ark. 336.

*Appellee, pro se.*

RIDDICK, J., (after stating the facts.) This is an appeal by Mrs. C. Meyer from a judgment rendered against her by the Chicot Chancery Court in favor of Abe Jenkins, ordering a specific performance of a contract to sell 40 acres of land. By the contract Mrs. Meyer leased the land to Jenkins for three years,

and gave him the right to purchase at the expiration of the lease. The price of the land specified in the contract was six hundred dollars, and in addition thereto Jenkins was to pay the value of the improvements on the land.

The first contention on the part of counsel for Mrs. Meyer is that the writing in question did not amount to a contract for the sale of the land, and further that the price to be paid is left too indefinite to warrant a decree of specific performance. But it seems to us clear that this writing was in effect a contract on the part of Mrs. Meyer to sell the land to Jenkins for the price named therein. It is true that Jenkins does not agree to purchase; that was left optionary with him. He had, under the contract, which is set out in the statement of facts, the right to purchase at the expiration of his lease, if he chose to do so. A contract of that kind which by its terms is binding on one of the parties only may be specifically enforced against that party, although the remedy can not be granted to him against the other party. Pomeroy, Specific Performance, § 169; Waterman on Specific Performance, § 200.

Nor can we sustain the contention that the price of the land is not stated with sufficient certainty. In the case of *Milnes* v. *Gery,* 14 Ves. 399, where there was an agreement to sell at the valuation placed on the property by two persons, one chosen by each party, and, in case of disagreement by these persons, at the valuation of a third party chosen by them, the persons selected disagreed as to the valuation, and further were unable to agree as to the third person. Sir William Grant, Master of the Rolls, refused to order specific performance, and said that the defendant agreed to purchase at the price fixed by certain persons, but that no price had been fixed by such persons; that therefore no price had been agreed on by the parties, and the contract could not be enforced. In discussing the case, he said that an agreement to sell at a fair valuation would be different, for the reason that, where no particular means of ascertaining the value are pointed out, there is nothing to preclude the court from adopting any means adapted to that purpose. In a later case decided by the court of chancery of New Jersey, the court held that a contract for the sale of land at a fair price would be enforced. The following from the opinion of the chancellor

seems to be a correct statement of the law: "This class of cases," he said, "has given rise to some conflict of opinion, and the line which marks the limits of the court's exercise of jurisdiction is not clearly defined. The true principle seems to be that whenever the price to be paid can be ascertained in consistency with the terms of the contract, performance will be enforced. But the court will not make a contract for the parties, nor adopt a mode of ascertaining the price not in accordance with the real spirit of the agreement. In this case the mode in which the price shall be fixed is not designated in the contract. It is required simply that it be a fair price. To ascertain that value by any mode of investigation will conflict neither with the letter nor the spirit of the contract. I think, therefore, the contract is such as will justify a decree of specific performance." *Van Doren* v. *Robinson,* 16 New Jersey Eq. 256. See also Pomeroy, Specific Performance, § 148; Waterman, Specific Performance, § 148.

Now, in the case before us the price of the land was fixed by the contract at six hundred dollars and the added value of the improvements. This is definite and clear. The value of the improvement can be ascertained, and the contract is one which the courts will enforce.

But we are of the opinion that the chancellor erred in sustaining the exceptions to the report of the special master as to the value of the improvements. We have read the evidence, and are convinced that the value of the improvements as found by the master was not excessive. The decree of the chancellor will be modified so as to give Mrs. Meyer a judgment against Jenkins for $600 for the land and $375 for improvements, with ten per cent. interest from the 1st day of January, 1903. In other respects the decree will be affirmed. It is so ordered.