[No. 18873.   Department Two.   February 16, 1925.]

## J. D. LOWMAN, *Respondent,* v. JOEL W. RUSSELL, *Appellant.*[1]

LANDLORD AND TENANT (22, 42)—LEASE—TENANCY FROM MONTH TO MONTH—TERMINATION.   Under Rem. Comp. Stat., § 10620, providing that leaseholds for a specified time shall be terminated at the end of such time, holding over under a lease calling for monthly payments creates a tenancy from month to month, subject to termination by Id., § 812, of the unlawful detainer act.

SAME (147)—UNLAWFUL DETAINER—DOUBLE DAMAGES.   Plaintiff in unlawful detainer is entitled to judgment in double the rent for the time the premises were unlawfully withheld.

SAME (134)—UNLAWFUL DETAINER—NOTICE TO QUIT.   A notice to quit, under Rem. Comp. Stat., § 812, "on or before February 1" is sufficient although "January 31" was the date of the conclusion of the monthly tenancy.

Appeal from a judgment of the superior court for King county, Reynolds, J., entered March 14, 1924, upon findings in favor of the plaintiff, in an action of unlawful detainer, tried to the court.   Affirmed.

*J. C. Waugh* and *Russell & Blinn,* for appellant.

*Tucker, Hyland & Elvidge,* and *Mary H. Alvord,* for respondent.

MITCHELL, J.—This is a proceeding in unlawful detainer under subd. 2, of § 812, Rem. Comp. Stat. [P. C. § 7970], which provides that one is guilty of unlawful detainer

".   .   . when he having leased property for an indefinite time, with monthly or other periodic rent reserved continues in possession thereof, in person or by subtenant, after the end of any such month or period, in cases where the landlord, more than twenty days prior to the end of such month or period, shall have served notice (in manner in this act provided),

[1]Reported in 233 Pac. 9.

requiring him to quit the premises at the expiration of such month or period."

The defendant J. W. Russell had occupied the premises under a five-year written lease, rent payable monthly, that expired on August 31, 1923. Thereafter the plaintiff, J. D. Lowman, the owner of the premises, from month to month collected rent from the defendant until and including January, 1924.

After the January rent had been paid, the plaintiff, on the 9th day of that month, served the statutory written notice on the defendant to quit and deliver up the premises on or before February 1, 1924, and that in case of his failure to do so he would be guilty of unlawful detainer and liable as such. That notice was not complied with by the defendant, and on February 9, 1924, he vacated the premises under a writ of restitution that had been sued out by the plaintiff and placed in the hands of the sheriff. Upon the trial of the action, there was judgment in favor of the plaintiff as prayed for in the complaint, and that he have a money judgment for double the amount otherwise owing for the eight days that the premises were unlawfully detained in the month of February. The defendant has appealed.

Whatever may have been the rule at common law, of which much has been said in argument on behalf of the appellant and replied to on behalf of the respondent, we are satisfied, as it is further contended on behalf of the respondent, that the case is controlled in favor of the judgment appealed from by the statute law of this state. Section 10620, Rem. Comp. Stat. [P. C. § 3555], provides that "in all cases where premises are rented for a specified time, by express or implied contract, the tenancy shall be deemed terminated at the end of such specified time." So that at the end of August, 1923, the end of the five-year term

theretofore existing, not only the term ended but the tenancy itself, that is, the relation of landlord and tenant between the parties ceased. Thereafter the relation between the parties with reference to the occupancy of the premises was fixed by their conduct as it occurred from month to month. The fact that appellant continued in possession and paid a monthly rental on demand in the same amount as the monthly rental theretofore paid during the five years did not create a new term for five years or for more than a year, nor indeed for a year, for the reason that there was no compliance with § 10618, Rem. Comp. Stat. [P. C. § 3553], which provides:

"Tenancies from year to year are hereby abolished, except when the same are created by express written contract. Leases may be in writing or print, or partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals."

The relation existing between the parties commencing on September 1, 1923, and continuing thereafter was nothing more than that of landlord and tenant under an oral lease from month to month for an indefinite time with monthly rent reserved, and hence subject to be terminated as it was under the unlawful detainer statute.

The money judgment for double the eight days' rent in February was proper. *Armstrong v. Burkett*, 104 Wash. 476, 177 Pac. 333. Nor was the notice to quit that was given in this case invalid because it read "on or before February 1," instead of January 31, the date of the conclusion of the monthly tenancy. *Harris v. Halverson*, 23 Wash. 779, 63 Pac. 549.

Affirmed.

HOLCOMB, MAIN, MACKINTOSH, and FULLERTON, JJ., concur.