[No. 19125.  Department One.  April 16, 1925.]

GEORGE W. WILSON et al., Respondents, v. JOHN G. BARNES et al., Appellants.[1]

LANDLORD AND TENANT (22, 42)—LEASE—TENANCY FROM MONTH TO MONTH—TERMINATION. Under Rem. Comp. Stat., § 10620, providing that leaseholds for a specified time shall be terminated at the end of such time, holding over under a lease calling for monthly payments, creates a tenancy from month to month, subject to termination by Id., § 812, of the unlawful detainer act.

SAME (141)—UNLAWFUL DETAINER—PLEADING—COMPLAINT—ALLEGATION OF RELATION. An allegation in unlawful detainer that defendants were in possession under an oral month to month lease, rent payable on the first day of each month, sufficiently shows the conventional relation of landlord and tenant.

SAME (142)—COMPLAINT—DESCRIPTION OF PROPERTY—SUFFICIENCY. In unlawful detainer, the description of the property is sufficiently accurate, although the addition named is erroneously stated as an

[1]Reported in 234 Pac. 1029.

addition to the city instead of to the county, where the lots and house number are correctly given and defendant could not have been misled.

Same (148) — Unlawful Detainer—Issues—Judgment—Scope and Extent—Prejudice. In unlawful detainer the defendant is not prejudiced by the wrongful inclusion of a lot not within the lease, where possession thereof was disclaimed at the trial, and the damages allowed were not enhanced thereby.

Same (148). In unlawful detainer, the defendant is not prejudiced by including in the judgment a reservation of any rights in a lot not in controversy between the parties.

Same (135)—Notice to Quit—Time of Service. A notice to quit under an oral tenancy from month to month, under Rem. Comp. Stat., § 812, is sufficient if given twenty days before the end of the month.

Same (135). Service of a notice to quit under an oral tenancy from month to month, under Rem. Comp. Stat., § 812, is sufficient if served upon defendant at his office, and not on the premises.

Same (146)—Unlawful Detainer—Damages and Amount of Recovery. In unlawful detainer, it is error to include damages for detention after the trial and until date of entry of the judgment, in the absence of any supplemental showing that possession was retained after the trial.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 8, 1923, upon findings in favor of the plaintiffs, in an action in unlawful detainer, tried to the court. Modified.

*John G. Barnes,* for appellants.

*Burkheimer & Burkheimer,* for respondents.

Main, J.—This was an action in unlawful detainer for the purpose of recovering the possession of property occupied by the defendants. The trial to the court without a jury resulted in findings of fact, conclusions of law and a judgment sustaining the plaintiffs' right to the possession of the property. From this judgment, the defendants appeal.

The facts may be summarized as follows: On September 1, 1921, the respondents leased, by written con-

tract, to the appellants property described as "house number 7537 Ravenna Avenue." The rent reserved was $40 per month, payable in advance. The lease, by its terms, was for a term of twelve months and expired on September 1, 1922. After the end of the time covered by the written lease, the appellants continued to occupy the premises and pay rent therefor at $40 per month. On May 9, 1923, a notice was served upon each of the appellants terminating the tenancy on May 31, 1923, and demanding the surrender of the possession of the premises at that time. Possession was not surrendered, and on June 5, 1923, the present action was begun. The trial of the case began on November 6, 1923, and concluded on the following day. Judgment was entered on December 8, 1923. The court found that the respondents had been damaged by the retention of the premises in the sum of $1.33 per day and doubled the damages in accordance with the statute. The amount of the judgment entered was $508.06, and this covered the time up to the date of the entry of the judgment.

Many questions are discussed in the briefs, some of which appear to us to be purely technical. It will probably shorten the discussion somewhat to first inquire as to what the exact relation was between the appellants and the respondents after the term covered by the written lease had expired and the appellants continued in possession of the property and paid the same rent as before. This question has been recently discussed and determined in the case of *Lowman v. Russell*, 133 Wash. 10, 233 Pac. 9. In that case the tenant had held under a written lease for a five-year period. After its termination he had continued in possession and paid rent from month to month the same as before. Notice to quit and surrender the premises was given and he declined to vacate. An ac-

tion in unlawful detainer was begun, and in answer to the defendant's contention that, since he held over after the termination of the written lease, he had a right to occupy the premises for another year, it was said:

"Whatever may have been the rule at common law, of which much has been said in argument on behalf of the appellant and replied to on behalf of the respondent, we are satisfied, as it is further contended on behalf of the respondent, that the case is controlled in favor of the judgment appealed from by the statute law of this state. Section 10620, Rem. Comp. Stat. [P. C. § 3555], provides that 'in all cases where premises are rented for a specified time, by express or implied contract, the tenancy shall be deemed terminated at the end of such specified time.' So that at the end of August, 1923, the end of the five-year term theretofore existing, not only the term ended but the tenancy itself, that is, the relation of landlord and tenant between the parties ceased. Thereafter the relation between the parties with reference to the occupancy of the premises was fixed by their conduct as it occurred from month to month. The fact that appellant continued in possession and paid a monthly rental on demand in the same amount as the monthly rental theretofore paid during the five years did not create a new term for five years or for more than a year, nor indeed for a year, for the reason that there was no compliance with § 10618, Rem. Comp. Stat. [P. C. § 3553], which provides:

" 'Tenancies from year to year are hereby abolished, except when the same are created by express written contract. Leases may be in writing or print, or partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals.'

"The relation existing between the parties commencing on September 1, 1923, and continuing thereafter was nothing more than that of landlord and tenant under an oral lease from month to month for an indefinite time with monthly rent reserved, and hence sub-

ject to be terminated as it was under the unlawful detainer statute.''

In that case, it will be noted, it was held that the relation of the parties after the term covered by the written contract had expired was ''nothing more than that of landlord and tenant under an oral lease from month to month for an indefinite time with monthly rent reserved.''

Returning to the present case, the appellants make certain objections to the complaint. One is, that the conventional relation of landlord and tenant was not sufficiently alleged. There was an allegation that the appellants were in possession of the premises under an oral month to month lease and that the rent was payable on the first day of each month. This is substantially an allegation of the relation which in *Lowman v. Russell, supra,* it was held would exist in such a case.

Another objection to the complaint is that the property is not sufficiently described. The description is ''Lots Eleven (11), Twelve (12), Thirteen (13) and Fourteen (14), Block Two (2), Ravenna Park Heights Addition to The City of Seattle, King County, Washington; said premises being known as 7537 Ravenna Avenue, Seattle, Washington.'' The description is not technically accurate in that it describes the property as being in Ravenna Park Heights Addition to the city of Seattle, when, and as the appellants contend, it should have been Ravenna Park Heights Addition to King county. The number of the house is accurately stated. While it is always desirable that legal descriptions of property should be technically accurate, and the one given in the complaint was not as accurate as it might have been, it yet was sufficient. The appellants knew the premises that they were called upon

to vacate and could not have been in any manner misled.

Vigorous objection is made by the appellants to the including in the action of lot 11. The property as originally leased, while described by house number, in fact covered lots 12, 13 and 14. At that time the appellants were the owners of lot 11. A month or two before the term provided for in the written lease expired, the respondents purchased from the appellants lot 11. Upon the trial, the appellants disclaimed having at any time since the sale of that lot been in possession thereof. We are not able to see how the appellants could possibly have been prejudiced by the including of lot 11, even if it be assumed that it was wrongfully included in the action. The rent with which they were charged in the judgment of the trial court was at the rate of $1.33 a day, which closely approximates the $40 a month which they had paid from the beginning. The evidence offered was that the reasonable value was from $45 to $50 per month.

There is some complaint over the fact that in the judgment there were reserved to the appellants any rights that they might have to lot 11 by reason of any provision in the deed which they made to the respondents. This question was not in the case. That deed was not offered in evidence. The question of title was not being tried. The appellants, as stated, denied that they had at any time been in possession of that lot after the conveyance thereof to the respondents. The rights of the appellants under the deed, whatever they may have been, cannot be affected by reason of the fact that it was sought in the judgment in this case to preserve any rights that they might have. While it would have been better not to have included this in the judgment, the appellants were not harmed by reason of the fact that it did appear therein.

The appellants say that the twenty days' notice given was not sufficient and that they were entitled to a thirty days' notice. The holdings of this court are to the effect that the twenty days' notice was all that was required. *McGinnis v. Genss,* 25 Wash. 490, 65 Pac. 755; *Newman v. Worthen,* 57 Wash. 467, 107 Pac. 188; *Corner Market Co. v. Gillman,* 77 Wash. 625, 138 Pac. 2.

The notice to vacate was served upon Mr. Barnes at his office, and it is contended that this service was not sufficient and that he should have been served personally while on the detained premises. Under Rem. Comp. Stat., § 814 [P. C. § 7972], the notice was sufficient. It would be a strained construction of this statute to give it the meaning contended for by the appellants.

Objection is made to the amount of the damages because there was included therein the time from the date of the trial until the entry of the judgment. As above stated, the trial was concluded on the 7th day of November, 1923, and the judgment was not entered until the 8th day of December, 1923, the intervening period amounting to thirty-one days. There is nothing in the record to show that the appellants retained possession of the property after the trial. There was no supplemental complaint, nor was there any additional testimony taken after the trial and before the entry of the judgment. The damages subsequent to the trial were not properly included in the judgment. In *Lochridge v. Natsuhara,* 114 Wash. 326, 194 Pac. 974, it is said upon this question:

"Appellants further contend that the court erroneously gave judgment for damages from the time of the trial of the case to the time of the entry of the judgment. It appears that this case was tried on the 22d and 28th days of January, 1920, and the judgment was

made on the 24th day of April, 1920. There is nothing in the record to show to the court that the appellants retained possession of the property .after the trial. There was no supplemental complaint nor was there any supplemental testimony taken before the entry of the judgment or at all after the trial. For all the court may have known, the appellants may have surrendered possession of the property to the respondents immediately after the trial of the case. . . . The only damages shown by the record to which the respondents are entitled would be the sum of sixty dollars per month from the 31st day of October, 1919, to the time of the trial, which would be three months, or one hundred and eighty dollars, which amount doubled as provided by the statute, would be three hundred and sixty dollars. If the respondents are entitled to any damages subsequent to the time of the trial, they must be recovered in some other action, since there was no effort to recover them in this."

There should be deducted from the judgment in this case the damages which were allowed subsequent to trial and prior to the entry of judgment, and for this period the reduction would amount to $82.46.

There are some other questions discussed in the briefs, but it does not seem necessary to go over these in detail. They have been considered and in none of them is there anything which would require a reversal or a modification of the judgment, other than that already referred to.

The cause will be remanded to the superior court with direction to modify the judgment as herein indicated.

TOLMAN, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.