[No. 23173. Department Two. July 20, 1931.]

UNION OIL COMPANY OF CALIFORNIA, *Respondent,* v.
GEORGE A. HALE *et al., Appellants.*[1]

*F. M. Hamilton,* for appellants.
*Stratton & Kane*, for respondent.

MILLARD, J.—This is an action for specific perform-
ance. George A. Hale and Elizabeth C. Hale, a marital
community, let certain premises in Whatcom county to
the plaintiff for two years from September 1, 1927, by
a written lease, which contained two options—one for
renewal for one year, and one to purchase the prem-
ises at any time prior to August 31, 1930, which was
the date of the expiration of the lease if extended under
the option to renew. The agreement, so far as ma-
terial, reads as follows:

"(1) That the Lessor, for and in consideration of
the payments of rent, as hereinafter set forth, and the
performance of the covenants and agreements, herein-
after contained, to be kept and performed by the
Lessee, does hereby lease, demise and let unto the said

[1]Reported in 2 P. (2d) 87.

Lessee, for the term beginning with the First day of September, 1927, and ending with the Thirty-first day of August, 1929, the following described real property.

. . .

"(2) The Lessee covenants and agrees to pay the Lessor as rental for said premises the sum of $40.00 per month in advance, on the First day of each month of said term, . . .

"(6) It is understood and agreed that, as a material consideration for the execution of this lease by the Lessee, said Lessee is hereby granted prior and exclusive rights and options as follows, towit:

"(a) To extend this lease for the additional term commencing with the First day of September, 1929, and ending with the Thirty-first day of August, 1930, at a monthly rental of $40.00, which rental shall be payable in advance on the First day of each month of said extended term. Written notice of the exercise of said option shall, in order to be effective, be given to the Lessor at least sixty (60) days prior to the expiration of the original term thereof.

"(b) To elect, at any time prior to August 31st, 1930, to purchase said property hereby leased for the sum of $6,000.00 cash. Such election shall be evidenced by a notice in writing to that effect, from Lessee to Lessor. Within thirty (30) days after receipt by Lessor of said notice, Lessor shall deliver into escrow with some reputable bank . . . a good and sufficient deed covering title to said land to Lessee, with instructions to deliver the same to Lessee upon payment of said purchase price; and Lessee shall, within fifteen (15) days after the receipt of such evidence of title, . . . forward said purchase price to said escrow holder, to be delivered to Lessor upon the vesting of Lessor's said title in Lessee.

"(7) If the Lessee shall hold over after the expiration of the term hereof, with the express or implied consent of Lessor, such holding over shall be deemed to be a month to month tenancy in accordance with the terms herein specified."

The lessee having failed to exercise its option to renew by giving sixty days' written notice to the les-

sors, the lease expired August 31, 1929. However, the lessee remained in possession of the premises, continuing to pay the same rental of forty dollars it paid under the lease, until October 1, 1930, when it paid in advance for October sixty-five dollars, as demanded by the lessors. On August 30, 1930, one year after the expiration of the lease, the lessee gave proper notice to the lessors of its election to purchase the premises. The lessors refusing to convey, the lessee instituted this action to compel specific performance. The trial of the cause resulted in decree in favor of the plaintiff. Defendants appealed.

Appellants contend that respondent's failure to exercise, under the terms of the lease, the right to renew the lease terminated the lease; and that such default also terminated the option to purchase.

There is nothing ambiguous about the contract in the case at bar, hence there is no room for construction. The covenant to renew the lease contained in the lease itself is based on a sufficient consideration. So, too, the granting of the option to purchase is based on a sufficient consideration. Both options were given to the lessee in consideration of its execution of the lease for two years.

"Under the rules of construction applicable to contracts generally, a provision in a lease giving an option to purchase will be so construed as to effectuate the intention of the parties where it is ascertainable from the language employed by them, and where the parties express without ambiguity their intention, no room for juridical construction is left and no court can alter their agreement, although the bargain is hard or unwise." 35 C. J. 1040.

The contract provides, as a condition precedent to the right to renewal of the lease, that the lessee shall give written notice of its intention so to do "at least

sixty days prior to the expiration of the original term hereof.'' While the contract requires the lessee to exercise its right to purchase at any time prior to a certain date (August 31, 1930), which date is coincident in time with the expiration of the lease if renewed, there is no provision requiring the lessee to exercise that right ''during the term of the lease,'' or ''prior to the expiration of the lease,'' or ''at any time during the term and existence of the lease,'' or ''prior to the expiration of the lease as extended''. The two options, the one to renew and the other to purchase, were granted to the lessee in consideration of its execution of the lease for two years and the ''performance of the covenants and agreements, hereinafter contained.'' That the lessee performed all of the covenants and agreements contained in the two-year lease, is not disputed. The renewal of the lease was not prerequisite to the exercise of the right to purchase. The two options are independent of each other. Had the respondent seen fit, it could have exercised its right to purchase prior to the expiration of the original two-year lease.

It may be, as counsel for appellants argue, that the lessors did not intend to grant to the lessee the privilege of purchasing the premises subsequent to the expiration of the two-year lease in the event the lease was not renewed; however, it is not so written in the bond. The contract as written is free from ambiguity. We can not alter the agreement of the parties.

That the respondent was privileged to exercise the right to purchase without regard to the option to renew the lease, manifestly appears from a reading of the seventh paragraph of the contract. Unless that was the purpose of the parties in incorporating that provision in the contract, the paragraph is meaningless.

The parties knew—they are charged with knowledge—that under Rem. Comp. Stat., § 10620, providing that leaseholds for a specific time shall be terminated at the end of such time, holding over under a lease calling for monthly payments creates a tenancy from month to month. *Lowman v. Russell*, 133 Wash. 10, 233 Pac. 9. Paragraph 7 provides that, if the lessee hold over after the expiration of the term of the lease,

". . . with the express or implied consent of the lessor, such holding over shall be deemed to be a month to month tenancy in accordance with the terms herein specified."

Counsel has not cited, nor has our research disclosed, any case which on the facts is like the case at bar. In the cases we have examined, the leasing agreement provides that the right to purchase shall be exercised "during the term of this lease," or employs similar language. Under such provision, unless the one seeking to take advantage of the option is then a lessee under the terms of the lease, he can not exercise the option to purchase. The language in the case at bar is quite different. It plainly gives to the respondent the right to purchase at any time prior to August 31, 1930, if it has performed all of the conditions of the two-year lease up to the time it exercises the right to purchase, and is not contingent upon the respondent then holding the property under a renewal of the original lease.

*Sandberg v. Light*, 55 Wash. 189, 104 Pac. 205, is not in point. In that case, the lease was for three years, with an option of two more. The option to purchase was connected with the term of the lease, the language clearly expressing the intention of the parties that the lease must be in effect at the time of the exercise of the option to purchase. The lease was terminated prior

508

to the attempt to exercise the option to purchase. In the case at bar, the option is ''at any time prior to August 31, 1930.'' The respondent optionee complied with all of the terms and conditions of its contract with the appellants.

The judgment is affirmed.

TOLMAN, C. J., BEELER, and BEALS, JJ., concur.