TIME OIL COMPANY, *Respondent*, v. DON H. PALMER *et al.*,
*Appellants.*[1]

*Kumm & Hatch*, for appellants.

*Peyser, Bailey & Cartano* and *Roberta Kaiser*, for respondent.

SIMPSON, J.—The Time Oil Company brought this action against Lucia Rae Bogardus and Don H. Palmer, and Maude G. Palmer, his wife, for the purpose of removing a cloud from the title of certain real property being purchased from defendant Bogardus.

After a trial to the court, findings of fact and conclusions of law were made. Thereafter, a decree, based upon the findings and conclusions, was entered in favor of plaintiff, quieting title to it, to the land in question.

[1]Reported in 182 P. (2d) 695.

Defendants Palmer have appealed to this court. The assignments of error are sufficient to call in question the action of the trial court relative to its findings, conclusions, and decree.

Defendant Bogardus owned real estate which she leased to the Cascade Petroleum Company, which was afterwards merged with the Time Oil Company. The tenancy was evidenced by two written instruments dated October 1, 1943, one of which will be referred to as the "lease," the other, as "lease agreement." The lease, which was recorded, described the real property, named the parties to the lease, stated the date of the lease, and referred to the lease agreement, and made it a part of the lease by reference for a recital of the terms and conditions of the lease. The lease agreement included the definite terms of the lease and the rights and duties of the respective parties to the agreement. The tenancy commenced November 1, 1943, and expired October 31, 1948. The written instrument contained the following agreement:

"In the event there is no right to the Lessee for the purchase of the above described property, then the Lessor herein gives to the Lessee the first refusal to purchase the above described property, submitting the original instrument of any bona fide written offer to the Lessee and allowing the Lessee ten days in which to accept or reject the terms of said offer."

During the term of the lease, defendant Bogardus agreed to sell the property to appellant and gave him a receipt which read:

"June 14th '45
"Received of Don H. Palmer 100.00 earnest money deposit on lot at N. W. Cor. Westlake and Harrison—described as lot 6—block 92 D. T. Denny's 1st add Price $10,000 for lot free of all liens and encumbrances including one half the 1945 taxes. Title Insurance.          Lucia Rae Bogardus"

That receipt or agreement was never delivered to, or called to the attention of, respondent. Thereafter, Mrs. Bogardus, realizing that she had failed to comply with her duty of submitting Dr. Palmer's offer to respondent and

giving it the opportunity of accepting or refusing the offer, contacted appellant and returned to him the one hundred dollars paid at the time she gave Dr. Palmer the receipt set out above. At that time, there was endorsed the following upon a copy of the receipt:

"7/17/45
"Cancelled by return D. H. Palmer check for $100.00 & execution of purchase option.          Ward C. Kumm."

On the same day, Mrs. Bogardus signed and delivered to appellant an option to purchase the property for the sum of ten thousand dollars. The option agreement provided that the sale should not be made until after the termination, or expiration, of the lease made with the Cascade Petroleum Company.

March 14, 1945, Guy E. Stevens, a realtor, acting on behalf of Robert L. Newell, submitted an offer to Mrs. Bogardus to purchase the property for $12,500, and Stevens and Mrs. Bogardus conferred with Mr. Sam Green, vice-president of respondent company, at which time Mr. Green indicated that his company would exercise its right to buy the property at the price offered by Mr. Stevens.

March 18, 1946, Newell offered to buy the property from respondent for twenty thousand dollars. This offer was accepted by respondent. Mrs. Bogardus thereupon signed an earnest money receipt, by the terms of which she agreed to sell her property to respondent for $11,875. When application was made for title insurance, it was refused because of the fact that the earnest money receipt given to appellant Palmer had been recorded. This action was then instituted. Mrs. Bogardus was served with summons and complaint but did not defend the action.

The question for consideration is: Whose rights are superior—those of respondent, or those of appellant?

■ It is the accepted rule of law in this jurisdiction that a lessee's option to purchase contained in a lease agreement, is grounded upon consideration, and is enforcible by specific performance. *Richardson v. Harkness,* 59 Wash. 474, 110 Pac. 9; *Martin v. Vansant,* 99 Wash. 106, 168 Pac. 990,

Ann. Cas. 1918D, 1147; *Union Oil Co. v. Hale,* 163 Wash. 503, 2 P. (2d) 87.

Accord: *Hayes v. O'Brien,* 149 Ill. 403, 37 N. E. 73, 23 L. R. A. 555; *Jones v. Moncrief-Cook Co.,* 25 Okla. 856, 108 Pac. 403; *Pearson v. Horne,* 139 Ga. 453, 77 S. E. 387; *Meyer v. Jenkins,* 80 Ark. 209, 96 S. W. 991.

▇ The possession of the tenant and the recording of the lease was sufficient to put appellant on notice as to respondent's option to buy. *Nichols v. Debritz,* 178 Wash. 375, 35 P. (2d) 29.

▇ It will be noted, also, that appellant's option to purchase recognized the existence of the agreement between defendant Bogardus and respondent. Appellant contends that his option did not take effect until after the time the lease expired between respondent and Mrs. Bogardus; that she was not compelled to sell her property; and that, therefore, respondent would have no right to purchase. There is no merit in this argument. Respondent had the unqualified right to purchase at any time Mrs. Bogardus desired to sell. Mrs. Bogardus decided to sell. It mattered not to whom, or when, and respondent elected to exercise its right to purchase. We agree with the trial court that the effect of appellant's action was to "side-step the lease."

Appellant devotes much time to the argument that his option to purchase was founded upon a good consideration. That argument could well be considered if this litigation concerned Mrs. Bogardus and appellant alone. It has no standing when considered in relation to respondent's superior rights. We hold that appellant's right to purchase was subject to the rights already acquired by respondent.

The judgment is therefore affirmed.

MALLERY, C. J., MILLARD, HILL, and ABEL, JJ., concur.