[No. 3671–5–III.   Division Three.   March 26, 1981.]

URBAN BEAUDRY, ET AL, *Appellants,* v. RITA
HARMAN, *Respondent.*

*Robert W. Bjur* and *Hovis, Cockrill & Roy,* for appellants.

*David P. Hazel,* for respondent.

MUNSON, J.—Urban and Roberta Beaudry appeal the dismissal of their complaint to specifically enforce an option agreement.

The pertinent facts may be summarized as follows:

On December 12, 1975, the Beaudrys entered into a 3–year lease of a house owned by Vernon and Rita Harman, commencing December 1. Also on December 12, the parties executed an option agreement whereby the Beaudrys could purchase the Harman house for $30,000 less any monthly rental payments after the first 12 rental payments. It was also agreed that the purchase price would increase by 10 percent on December 1, 1976, December 1, 1977, and November 30, 1978. The first week of December 1978, after the lease had expired, the Beaudrys sought to exercise the

option to purchase. Because the Beaudrys failed to exercise the option on or before the expiration of the lease, the trial court held they were precluded from enforcing the option.

The sole issue is whether the trial court erred in limiting the period for exercise of the option to the duration of the lease.[1]

It is commonly accepted that two contracts executed at the same time involving the same matter should be construed as one contract. *Turner v. Wexler,* 14 Wn. App. 143, 146, 538 P.2d 877 (1975). A proper extrapolation upon this principle is that absent a termination date in the option, the option expires upon the termination of the lease. *See Willenbrock v. Latulippe,* 125 Wash. 168, 215 P. 330 (1923); *Detwiler v. Capone,* 357 Pa. 495, 55 A.2d 380 (1947); *Durepo v. May,* 73 R.I. 71, 54 A.2d 15, 172 A.L.R. 429 (1947); 6 S. Williston, *Contracts* § 853, at 219–20 (3d ed. 1962). An exception to this rule is found in the situation where it would be an inequitable forfeiture to prohibit a tardy exercise of an option because the option holder has made valuable improvements to the property with the intention of exercising the option, but through oversight has failed to do so, *see, e.g., J.N.A. Realty Corp. v. Cross Bay Chelsea, Inc.,* 42 N.Y.2d 392, 366 N.E.2d 1313, 397 N.Y.S.2d 958 (1977). However, the Beaudrys do not seek to apply the exception, nor does the record furnish a basis for its application.

Neither *Union Oil Co. v. Hale,* 163 Wash. 503, 2 P.2d 87 (1931), nor *White v. Coates,* 17 Wn.2d 686, 137 P.2d 113 (1943), cited by the Beaudrys, applies. In both cases, the options were exercised within the time frames set forth in the options themselves.

The Beaudrys' contention that the price increase of November 30, 1978, the last day of the lease, implied a reasonable period for exercise of the option beyond the lease term is unpersuasive. The time for closing the sale once the

---

[1] This assumes that the vagueness of the terms does not render the option unenforceable—an issue which we do not need to decide.

option is exercised is unspecified, as are the sale terms. Hence, a reasonable time for settling these terms and closing the sale after the option is exercised would be implied. We agree with the trial court; when an option exists coextensive with a lease and no time is specified for exercising the option, the option expires with the expiration of the lease.

Judgment is affirmed.

McINTURFF, C.J., and ROE, J., concur.

Reconsideration denied April 24, 1981.