EDWIN R. MASON, TRUSTEE OF MARY C. MASON, Appellant, *v.* EDWARD H. PAYNE *et al.*, Respondents.

1. *Equity — Action to divest title — Agreement, when of the essence of a contract — Payment stipulated in cases affecting minors — What sufficient compliance with stipulation.* — In suit by a lessee against the heirs of his lessor, to divest title out of defendants and vest it in plaintiff, it appeared that by the terms of an agreement between the parties plaintiff was to have the privilege of purchasing the fee simple at any time within five years, but was required, if he elected to purchase, to give thirty days' notice of his intention to purchase, and to make payment of one-fourth. *Held:*

1. That notice given two days before the expiration of the five years was too late.

2. That defendants being minors, it was sufficient for plaintiff to aver his readiness to make the payment called for and to pay the money into court, subject to its order.

3. That the thirty days' notice was of the essence of the contract. The offer to sell within five years was simply a proposition without mutuality between the parties. For that reason time was of the essence of the agreement, and the acceptance must have been in accordance with the offer.

4. It was immaterial that defendants, being minors, were unable to convey. The notice was not a demand for a deed, but a stipulated act that would so obligate the defendants that the court, as the guardian of the rights of infants, would order a conveyance.

*Error to St. Louis Circuit Court.*

*Gray, Jewett & Hamilton,* for appellant.

This suit was brought to the April, 1869, term of the St. Louis Circuit Court, to divest title out of respondents and to vest it in appellant, Edwin R. Mason, as trustee of Mary C. Mason. This was an offer to sell, and if there is any doubt as to the terms and conditions of sale, it will be construed against the vendor. (Page v. Hughes, 2 B. Monr. 442; D'Arras v. Keyser, 26 Penn. 254; Souffrain v. McDonald, 27 Ind. 276; Kerr v. Purdy, 50 Barb. 24; Collins v. Van Dorn, 1 Clarke, Iowa, 578; Seaton v. Mapp, 2 Coll. C. C. 556; Greaves v. Wilson, 25 Beav. 293.)

In general, it is sufficient if the plaintiff offers in his petition to make payment and to perform the contract on his part. For the reasons stated, a formal tender before suit would in this instance have been unavailing. (Stevenson v. Maxwell, 2 Comst. 415; Morris v. Hoyt, 11 Mich. 18; Kerr v. Purdy, 50 Barb. 24.)

*J. N. Straat*, for respondents.

BLISS, Judge, delivered the opinion of the court.

Defendant's ancestor executed to the plaintiff a lease of certain lands in St. Louis county for the term of one hundred years, which lease contained the following agreement:

"And it is further agreed that at any time within five years from the date of these presents, said party of the second part, his heirs or assigns, shall have the privilege of purchasing the fee simple of the aforesaid described tract of land hereby leased, the said party of the second part paying therefor at the rate of $200 per acre, one-fourth paid down in cash and the remainder to be paid in three equal annual payments from the date of said purchase, with six per cent. interest thereon, payable annually, the whole to be secured by a deed of trust on said land. In case said party of the second part elects to buy said tract of land as above, he shall give said party of the first part, or his legal representatives, thirty days' notice, in writing, of his intention so to do."

Two days before the expiration of the five years the plaintiff gave notice to the defendants, who are the heirs of the lessor, of his election to purchase, and brings this suit for specific performance. It is admitted that if the plaintiff has complied with the contract in regard to the purchase, or that such compliance has been rendered unnecessary, he is entitled to a conveyance. 1. The lessee and plaintiff had the privilege of purchasing at any time within five years. 2. He was required, if he elected to purchase, to give thirty days' notice of his intention to make a payment of one-fourth, etc.

It will be seen that the term of five years was not given him in which to come to a conclusion whether he would purchase or not. Nothing is said in the first paragraph upon that subject, although without the second the time when such conclusion had been arrived at would be of no importance. But the lessee must be ready to purchase and ready to receive a deed within the five years, and hence must have performed the conditions that would obligate the lessor to convey. These conditions were payment

Mason, Trustee of Mason, v. Payne et al.

and the thirty days' notice. So far as the payment is concerned, the plaintiff has doubtless done all he could under the circumstances. The defendants are minors and could not receive the payment due them if it had been tendered, nor could they make a deed. It would therefore have been an idle ceremony to make a formal tender and demand; and so far it was sufficient to aver, as he has done, that he is ready to make the payment to any one authorized to receive it, and to bring the money into court subject to its order. (Collins v. Van Dorn, 1 Iowa, 578; Kerr v. Purdy, 50 Barb. 24; Page v. Hughes, 2 B. Monr. 442.)

The plaintiff claims also that the notice was in season — that it was sufficient to give it within the five years. But the notice must have reference to some future time or event or obligation. It can not mean thirty days before he forms an intention or makes an election to purchase, for it is a notice of such intention or election already formed. It must mean thirty days before the plaintiff is entitled to purchase, or the requirement has no significance, and he is not entitled to purchase after the five years. But the plaintiff objects that we deduct thereby thirty days from the time within which he may make his election, and thereby so far defeat the contract. This objection would be reasonable if the contract gave the plaintiff five years within which to form his intention; but instead of that it gives him thirty days less than five years, by giving only five years to purchase, and requiring thirty days' notice of his intention to do so. If there was a reasonable doubt in regard to the intention of the parties we might invoke the familiar maxim that doubtful conditions are to be construed most strongly against the vendor. But there is no such doubt. So in regard to time when a notice should be given of intended application to court. (Underwood v. Dollins et al., ante, p. 259.)

Such being the obvious meaning of the agreement, is this notice of the essence of this contract? We often see the broad statement that in equity time is not of the essence of the contract, and as often the reverse. But the subject is hardly capable of such generalization. Contracts are made by parties and not by courts, and when it is obvious, from its examination,

that they intended to make time of the essence, courts will not declare the contrary. Yet in such case, when the strict enforcement of the stipulation would work a forfeiture or a great sacrifice, they will scrutinize the action of the other party, to see whether it has not been waived or whether he has taken the proper steps to take advantage of its non-observance. In the present case that part of the agreement offering to sell was but a proposition, and if accepted according to its terms it would become a binding contract; otherwise not. There was no mutuality; and were the lessor alive, or were his heirs of age, and so situate as to be able to comply with the offer, there could be no question as to the plaintiff's failure to take the steps necessary to perfect the agreement.

It is claimed, however, that inasmuch as the vendor was dead, and those in whom the title vested could not convey, the reason for the notice ceased and it should be dispensed with. But its object was two-fold: first, to give the vendor ample time to comply with his offer; and, second, it was the stipulated evidence of election to purchase — an election to be made and communicated at least thirty days before the expiration of five years; in a word, it was the acceptance of the offer of sale. Where there is a want of mutuality, as in offers of this kind, time is an essential part of the agreement, and the acceptance must be in accordance with the offer. There is no evidence that the plaintiff elected to purchase until twenty-eight days after he was required to communicate his intention. This election was as necessary after the death of the lessor as before, and the necessary action by the lessee could not be dispensed with by such death. It does not matter that defendants were unable to convey; the notice was not a demand for a deed, but a stipulated act that would so obligate the defendants that the court, as the guardian of the rights of infants, would order a conveyance — a stipulated act that would convert a proposition into a contract.

The other judges concurring, the judgment will be affirmed.