CODDING, appellant, v. WAMSLEY.

*Specific performance—when time is of the essence of contract of sale—Waiver—Mutuality of obligations.*

Plaintiff leased premises of defendant by a lease, containing a covenant that the plaintiff might purchase the premises within three months after the date thereof, for a sum specified, a part whereof was to be paid at the time of purchase. Plaintiff did not purchase within the three months. Defendant after the expiration of the three months expressed his willingness to receive the sum agreed to be paid as a first installment and to convey the premises, but refused to agree to extend the time of performance. Subsequently plaintiff offered to perform, but defendant refused to convey. In an action for specific performance, *held*, (1) that time was of the essence of the contract, and that the failure of the plaintiff to comply with the terms on which the option was granted deprived her of the benefits thereof unless the defendant had waived compliance therewith; and (2) that the willingness of defendant to perform after the expiration of the time did not amount to such waiver.

Reciprocity of obligation is not necessary to the maintenance of an action by a purchaser for specific performance. All that is requisite is that the contract on the part of the vendor be founded upon a sufficient consideration, and be made conformably to the requisites of the statute of frauds; and although the agreement does not bind the purchaser, yet if he bring an action for specific performance by the vendor, he thereby makes the remedy mutual, and the objection to a decree to compel the performance of a unilateral contract is taken away.

APPEAL from a judgment entered on the report of a referee, dismissing the complaint.

The action was brought in Monroe county by Mary A. Codding against Thomas Wamsley to compel the specific performance of an agreement by the defendant to sell to the plaintiff a house and lot in the city of Rochester.

By a lease executed by the parties on the 1st of April, 1871, the defendant leased the premises in question to the plaintiff for the term of one year at a rent specified therein. At the foot of this lease was this covenant on the part of the defendant: "And in consideration of the premises it is further agreed and likewise covenanted by said Wamsley that at any time within three months from the date hereof the said Codding may become the purchaser and owner in fee of said premises at and for the price of $9,500,

with interest thereon from the date hereof, * * * and in case of such purchase, then the amount of rent actually paid by said Codding shall be credited upon, and treated and considered as a part of said purchase-price, and a first payment or installment of $3,000 be immediately paid thereon," etc., etc.

The plaintiff paid to the defendant monthly, in advance, the rent of $100 per month, reserved in the lease, up to and including the 1st of November, 1871, and also paid taxes and insurance upon the premises, to the amount of $159.61, which was subsequently indorsed upon the lease and applied as rent. The plaintiff had paid nothing more upon the lease. The referee found that the plaintiff did not become the purchaser of the premises within three months from the date of the agreement on the terms therein mentioned or otherwise, that she did not pay $3,000 of the purchase-money, to be paid immediately upon her becoming such purchaser, as therein provided; nor has she since paid the same or any part thereof, or performed the other things agreed to be done by her; nor made any tender of performance, except in her complaint, and that after the expiration of three months from the date of the agreement, the defendant several times expressed a willingness to the plaintiff's agent and her attorney to receive the $3,000 agreed to be paid within that time, immediately on her becoming such purchaser as aforesaid, if paid, and to allow her to become the purchaser of said premises on the terms aforesaid, but made no agreement to do so, and declined to make any agreement to extend the time for her to become such purchaser as specified in the agreement.

And the referee, as conclusions of law, found that the plaintiff was not entitled to a specific performance of said contract, to allow her to become the purchaser of the premises, and that the defendant was entitled to judgment for the foreclosure of all the plaintiff's right, title and interest in said contract and premises and claim thereto; and that the plaintiff surrender and deliver up the possession of the premises to him, and for costs of suit. Judgment was entered accordingly.

*John Van Voorhis* and *H. R. Selden,* for appellant. Notwithstanding the optional character of the agreement, it is competent for a court of equity to compel the performance of it if justice seems to demand it. *Matter of Hunter,* 1 Edw. 1. The want of mutuality is never of itself a defense to a suit for a specific performance. *White*

v. *Schuyler*, 1 Abb. N. S. 302; *Woodward* v. *Aspinwall*, 3 Sandf. 275; *Justice* v. *Lang*, 42 N. Y. 494. The defendant extended the time of payment. Time is not, as a general rule, of the essence of a contract of sale of real estate, and very slight circumstances evincing a disposition to waive the strict observance of the terms of the contract, are sufficient to protect the equitable rights of a party failing in the literal compliance with the terms of the contract. *Leggett* v. *Edwards*, Hopk. 530, 546; *Edgerton* v. *Peckham*, 11 Paige, 352, 363; *Benson* v. *Tilton*, 24 How. 494; *Voorhees* v. *De Meyer*, 2 Barb. 37, 49; *Leaird* v. *Smith*, 44 N. Y. 618. Where indulgence has been given by a vendor beyond the time when payments were due, he cannot suddenly declare a forfeiture without reasonable notice of his intention to do so. *Harris* v. *Troup*, 8 Paige, 423; *Fleming* v. *Gilbert*, 3 Johns. 528; *Shellington* v. *Howland*, 53 N. Y. 371; 2 Am. Lead. Cas. (5th ed.) 596. In this case reasonable notice was expressly promised by the defendant. The court may reform the contract or act upon it as if reformed. *Bidwell* v. *Astor Mutual Ins. Co.*, 16 N. Y. 263.

*Chumasero & Davison*, for respondent.

GILBERT, J. At one time a purchaser was not allowed to maintain a bill against the seller for the specific performance of a contract to sell lands, unless he himself was bound by the same contract to purchase. Reciprocity of obligation was necessary. Newland on Contr. 153; Fry on Spec. Perf., § 286, *et seq.;* Fonb. Eq. Bk. 1, ch. 6, § 13. But this rule, it seems, is not now in force. All that is requisite is that the contract on the part of the seller be founded upon a sufficient consideration, and be made conformably to the requirements of the statute of frauds. If these facts concur, and the circumstances be such as establish a right to equitable relief, the fact that the contract was not mutually binding is no longer an insuperable bar, although it is a material ingredient in restraining the exercise of the equitable jurisdiction of the court. The plaintiff, by filing the bill, makes the remedy mutual, and therefore the objection to a decree to compel the performance of a unilateral contract is taken away. Adams' Eq. 82; Batten's Cont., cap. 5; Willard's Eq. Jur. 267; *Justice* v. *Lang*, 42 N. Y. 492, and cases cited on this point; *sed vide*, S. C., 52 id. 323.

The contract in this case is not an absolute one to sell, but gives

to the plaintiff merely an option or right of election of becoming the purchaser of the lands at any time within three months after the date thereof. The plaintiff did not avail herself of the privilege thus given, within the time limited. The court is now asked to say that the time specified is not of the essence of the contract, and that the option may be exercised after such time. We cannot accede to that proposition. It would in effect make a new contract for the parties. In ordinary cases of contracts between vendor and purchaser, the time fixed for the payment of the purchase-money is not of the essence of the contract, unless the parties themselves have either expressly or by reasonable implication agreed that it shall be so considered. The reason is that the contract gives a present interest in equity, and forfeitures are odious. In this case, however, the defendant has agreed to convey only upon condition that the plaintiff shall perform the requisite acts on her part within three months. The plaintiff not being bound to purchase, it would be inequitable to hold the defendant bound to sell after the time fixed by the contract; for by so doing the defendant would be held to a performance if disadvantageous to him, and yet if advantageous to him he could not compel a performance by the plaintiff. It is not an answer to say that the plaintiff agreed to pay an excessive rent, as a consideration for the option granted to her. That was *quid pro quo* for the privilege conferred. It was competent for the parties to agree upon any consideration therefor. It appears that the defendant, acting under advice of counsel, took special pains to avoid incurring the obligations of a vendor in an ordinary contract of sale. The language of his covenant effectually secures that object. Straining it to the utmost it is a covenant contained in a mutual contract to give an option or right of purchase, and gives no present interest. There being nothing in the nature of the contract contrary to law or equity, we ought to give it effect accordingly. And such is the rule governing the exercise of the jurisdiction of the court in this class of cases. It is stated in Story's Eq. Juris., § 777 *a* (11th ed.), as follows: "But notwithstanding the rule is well established in courts of equity that time will not be regarded as indispensable, in regard to decreeing specific performance of contracts for the actual sale of lands on one side, and the actual purchase on the other, it is different where the contract gives a mere election to purchase upon certain conditions. Accordingly, where upon a lease with the right of purchase within seven years, upon

giving three months' notice, and paying a fixed sum at the expiration of such notice, the lessee gave the requisite notice but did not pay the money in time, a bill for specific performance was dismissed. And a similar decision was made by the Lord Chancellor, where his lordship said: ʻThe things required must be done in the order of sequence stipulated. These were notice, and the payment of money on a day certain.ʼ ʺ *Weston* v. *Collins,* 34 L. J. (Chan.) 353; *Lord Ranelagh* v. *Milton,* 10 Jur. (N. S.) 1141.

In *Mason* v. *Payne,* 47 Mo. 517, the suit was founded upon a stipulation in a lease giving the lessee the option of purchasing the demised premises, in fee, at any time within five years; but required him, if he elected to purchase, to give thirty days' notice of his intention to purchase, and to make payment of one-fourth. The court held that the thirty days' notice was of the essence of the contract, and that notice given two days before the expiration of the five years was too late. See, also, *German* v. *Machin,* 6 Paige, 288; *Boucher* v. *Van Boskirk,* 2 A. K. Marsh. 345; *Geiger* v. *Green,* 4 Gilb. 472. We think, therefore, that time was of the essence of the contract in this case; and that the failure of the plaintiff to comply with the terms on which the option was granted, deprived her of the benefits thereof, unless the defendant waived the non-compliance with the condition. A party, for whose benefit a condition is imposed, may waive the strict performance thereof. But mere indulgence is never to be construed into such waiver. *Gray* v. *Blanchard,* 9 Pick. 292.

Upon this subject, the referee finds that the defendant several times expressed a willingness to the plaintiff's agent, and to her attorney, to allow her to become the purchaser of the premises on the original terms, notwithstanding the expiration of the time limited, but that he declined to make any agreement to extend such time. Although the evidence on this point was conflicting, yet we see no reason to disturb the finding of the referee. The result is that the defendant indulged the neglect or inability of the plaintiff, without waiving his rights. Such indulgence can have no legal effect in determining the case. If the referee had found that the defendant either caused, or sanctioned, or authorized the plaintiff's default, the case might have been different. But there is no such finding, and the evidence on the part of the defendant is that he merely expressed a present willingness to take the money, while, at the same time, he refused to make any promises for the future.

Nor did he do any act indicative of his intention to waive the forfeiture, unless the money were paid presently. Under such circumstances, it is impossible to hold that there was a waiver.

We have no power, on this appeal, to reform the contract, even if the case showed proper grounds for such a decree.

The judgment must be affirmed.

*Judgment affirmed.*