[No. 7952. Department Two. October 5, 1909.]

PETER SANDBERG, *Appellant*, v. IRA D. LIGHT *et al.*, *Respondents.*[1]

LANDLORD AND TENANT—LEASE—SURRENDER—DISCLAIMING INTEREST. A lease with option to purchase is shown to be abandoned and mutually surrendered, where on the insolvency of the lessee, its president acquired the lease by assignment and removed the buildings, and in an action by the lessors to enjoin the removal of the buildings, the assignee filed an answer disclaiming any interest in the lease, whereupon the lessors abandoned the suit, relying on the answer as a surrender, retook possession, and refused subsequent tenders of rent.

SAME—OPTION TO PURCHASE—RIGHT TO EXERCISE—CONTINUANCE OF LEASE. An option to purchase, contained in a lease with renewal privileges, expires on any termination of the lease, without any express stipulation that time is of its essence, the continuance of the lease being essential to the option.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 7, 1908, upon findings in favor of the defendants, after a trial on the merits before

[1]Reported in 104 Pac. 205.

the court without a jury, in an action for specific perform-
ance. Affirmed.

*Bates, Peer & Peterson*, for appellant.
*J. W. A. Nichols*, for respondents.

Crow, J.—Action by Peter Sandberg against Ira D.
Light and Sarah L. Light, his wife, to enforce the specific
performance of a contract to convey real estate. From a
judgment of dismissal, the plaintiff has appealed.

The appellant predicates his assignments of error on find-
ings made and refused. The evidence shows that on April
29, 1903, the respondents executed and delivered a written
lease on certain lots in Steilacoom, Pierce county, Washing-
ton, to the Tacoma Wood Distilling Company, a corpora-
tion, for the term of three years, with the privilege of two
additional years, at the annual rental of seventy-five dollars,
payable in advance on the 1st day of May in each year; that
the lease contained the following option:

"It is further stipulated and agreed by and between the
parties hereto that the Tacoma Wood Distilling Company,
a corporation, may at its option purchase the above de-
scribed premises, and the said lessors agree to sell the above
described premises to the lessee if it desired to buy, upon the
following terms and conditions; at the termination of the
first year of said lease, at its option, the Tacoma Wood Dis-
tilling Company may purchase the said property for the
sum of one thousand dollars ($1,000); at the termination of
two years (2) the said lessee, the Tacoma Wood Distilling
Company, may purchase the said premises for one thousand
two hundred and fifty dollars ($1,250); at the termination of
three years (3) the said lessee, the Tacoma Wood Distilling
Company, may purchase the said property for the sum of
one thousand five hundred dollars ($1,500); at the termina-
tion of five years after the date hereof, the said Tacoma
Wood Distilling Company may purchase said premises for
the sum of two thousand dollars ($2,000)."

The appellant claims to have succeeded by mesne convey-
ances to the rights of the lessee, including the option to pur-

chase. The trial court found that the Tacoma Wood Dis-
tilling Company paid the first year's rent in advance and
took possession; that it forthwith erected on the lots certain
buildings, machinery, and fixtures, for the manufacture of
creosote, turpentine, wood alcohol, and other products, and
engaged in that business; that it thereafter became insolvent;
that its receiver duly appointed did, on June 4, 1904, under
an order of the superior court, sell all of its property, in-
cluding the buildings, machinery, and lease, to one Max Web-
ber, who assigned the same to appellant; that appellant took
immediate possession; that on June 6, 1904, he paid respond-
ents $75 for rent to May 1, 1905; that on May 18, 1905,
he commenced to remove the machinery, building, and fix-
tures, and completed such.removal on June 5, 1905; that on
May 27, 1905, he tendered the respondents $75 for rent to
May 1, 1906, which tender they refused; that on April 26,
1905, the respondents Ira D. Light and Sarah L. Light, his
wife, commenced action No. 24,031, in the superior court in
and for Pierce county, against the Tacoma Wood Distilling
Company, a corporation, Peter Sandberg and Max Webber,
to enjoin the removal of the buildings and improvements;
that paragraph 3 of their complaint contained the following
allegation:

"That the defendants Peter Sandberg and Max Webber
claim to own some interest in said lease [referring to the
lease in controversy] by assignment or otherwise . . . .";

that on May 26, 1905, Peter Sandberg, the appellant herein,
served, in cause No. 24,031, his answer which contained the
following denial:

"Answering paragraph 3 of said complaint defendants
deny that defendants Sandberg and Webber claim to own
some interest in said lease . . .";

that Ira D. Light claims he accepted and considered said an-
swer as an intention on the part of Sandberg to abandon
the lease, and leased premises, and that he took no further
steps to obtain an injunction; that between April 21 and

26, 1906, the appellant again tendered the respondents $75 for the year ending May 1, 1906, which tender they again refused; that on May 5, 1906, he tendered them $150 rent for two years, from May 1, 1905, and also tendered them $1,500 as purchase price for the premises under the option of the lease, and demanded a deed; that these tenders were also refused; that on the trial of this action, which occurred in November, 1908, the appellant, by his counsel, stated that, if the court found $2,000 purchase money should have been tendered, he stood ready and willing to pay the same, and that he would do so; that early in the summer of 1906, the respondents erected a fence upon the premises inclosing a portion thereof, which they plowed and planted with potatoes and other garden products; that the premises have not since been cultivated or occupied, and that the fence has been removed and destroyed.

The appellant contends that the tenders of $150 and $1,500, which the court found to have been made on May 5, 1906, were in fact made on April 26, 1906; but the finding made is sustained by the evidence. This being true, the tenders mentioned were made after the three-years' lease had terminated, and no evidence was produced to show that the lease was ever renewed or extended for the additional two years, or that appellant demanded its extension when he made his last tender of rent. On the contrary he demanded a deed.

Appellant has at great length discussed the law of tender, contending that his tender of the purchase money was sufficient and timely; that it was unnecessary, the respondents having refused to convey, and that respondents, who stated no specific objections to the amount of the tender, or the time when it was made, are now in no position to question its sufficiency. We consider it unnecessary to discuss the law of tender, having concluded that the lease was abandoned by the appellant; that it was mutually terminated by act of the parties; that the appellant, by the denial of his answer, in-

duced the respondents to refrain from prosecuting action No. 24,031, in which they sought an injunction, and that he is now estopped from claiming that the lease was thereafter valid, or that he is now entitled to a specific performance of the contract to convey.

The controlling questions before us are questions of fact. It will serve no good purpose to enter upon a detailed discussion of the evidence, which we hold is sufficient to support the final judgment. When the lots were originally leased they were vacant. The lessee corporation forthwith installed the manufacturing plant, and soon became insolvent. Appellant was its president and also a heavy stockholder. He acquired the lease and improvements at the receiver's sale, and thereafter paid the second year's rent, which was accepted by respondents. Near the commencement of the third year he was about to remove the buildings, when respondents instituted an action to enjoin him. It was after he made his answer therein, disclaiming any interest in the lease, that he tendered the rent for the third year ending May 1, 1906. The respondents, relying upon his answer, not only refused to accept the rent, but also refrained from further prosecuting their action for an injunction, and permitted the appellant to remove the buildings without further molestation. Appellant took no further action until April 21, 1906, when he again tendered the third year's rent, then almost one year in default. He evidently made this tender to induce some recognition of the lease by respondents, so that he might renew it and exercise his option to buy.

The undisputed facts clearly indicate an abandonment of the lease by appellant and its surrender by both parties, which surrender, although not formally executed, was valid in law. There is nothing to show that appellant ever claimed the privilege of the two-year's extension contemplated by the original lease. On the contrary, after the original three years' lease, and his option thereunder—if not forfeited—

had expired, he on May 5, 1906, made a tender of $1,500 purchase money, and now seeks to enforce specific performance. A continuance of the lease was essential to a continuance of the option. In other words, if the lease was at any time terminated, the option to purchase ceased and could not be thereafter exercised. The lease was terminated, it being shown that appellant, by his pleadings in the injunction proceeding, estopped himself from claiming its further continuance; that by the mutual acts of. the parties it was abandoned; that it had expired at the end of the three years, and that no renewal or extension was obtained. It will thus appear that, under any phase of the case, appellant's option to purchase had expired on or prior to May 1, 1906. He made no tender of the purchase money, nor did he attempt to exercise his option at any time prior to May 5, 1906, which was too late. In *Neeson v. Smith*, 47 Wash. 386, 92 Pac. 131, this court said:

"The agreement involved in this action being a contract for an option, the appellant had no rights thereunder after the expiration of the two years, unless he had, within that time, elected to take the property, had tendered the purchase money, and had demanded a deed, which it is not contended he did. The authorities generally hold that time is material in a contract for an option, and that it is not necessary to expressly stipulate that it shall be of its essence."

The judgment is affirmed.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.