[No. 25090. *En Banc.* March 28, 1935.]

H. B. Andersen, *Appellant,* v. James Brennen *et al.,*
*Respondents.*[1]

*Charles T. Peterson* and *Oliver Malm,* for appellant.
*Eggerman & Rosling,* for respondents.

Geraghty, J.—This action, tried to the court without a jury, is to enforce specific performance of an option contract. On April 8, 1929, the plaintiff, Andersen, and the defendant Brennen entered into a written agreement, by the terms of which Andersen sold to Brennen a machine works establishment; the consideration being four thousand dollars in cash and one hundred ten shares of the capital stock of a certain corporation, the shares having a par value of one hundred dollars each. The agreement contained the following provision giving Andersen an option to require Brennen to repurchase the stock:

"In consideration of the acceptance by first party of said 110 shares of stock at the par value of $100.00 per share as aforesaid, second party covenants and agrees with first party, his heirs, executors, administrators and assigns, that upon ninety (90) days notice given to second party, his heirs, executors, administrators and

assigns, to that effect, second party will purchase for cash all of said 110 shares (or so much thereof as the owner thereof desires to sell) of the aforesaid stock on the basis of $100.00 per share, plus interest on such stock on the basis of $100.00 per share at the rate of 4% per annum from date, such interest not to be compounded. Said agreement shall continue for the period of three (3) years from date with the understanding that second party shall not be obligated to purchase any of such stock within the next twelve (12) months. During the period of said three years from date, first party covenants and agrees that he will not sell or transfer any portions of such stock to any third party or parties.''

On April 6, 1932, Andersen mailed a written notice to Brennen, reciting that he (Andersen) elected to exercise his option, and demanding that Brennen purchase, within ninety days after the date of the notice, the one hundred ten shares of stock, at the agreed price. This notice was not received until April 9th, which was after the expiration of the three year period.

On April 7th, Andersen called at the office of Brennen, in Seattle, and, not finding him there, left with his secretary an envelope addressed to him, containing a copy of the notice of election to sell back his stock. This notice was personally received by Brennen upon his return to his office upon the morning of April 9th.

On July 11th following, the stock was actually tendered to Brennen, with a written demand that he receive and pay for it. Upon Brennen's failure to comply with the demand, this action was instituted to compel performance.

The right of action, according to the complaint and bill of particulars, was based upon the agreement and the written notice above referred to. The case proceeded to trial, and, following the opening statement

of plaintiff's counsel, the defendants challenged the sufficiency of the complaint, with the bill of particulars, and of the opening statement. This challenge was overruled. In the course of the trial, the plaintiff attempted to prove a conversation said to have been held on March 26, 1932, between the parties to the contract, the effect of which was to excuse delay in making tender of the stock, and also to show that, on that date, the plaintiff notified defendant orally that he elected to exercise his option. Upon objection to this testimony as improper under the issues raised by the pleadings, the plaintiff asked leave of court to amend his complaint, which was denied.

At the close of plaintiff's case, the court granted defendants' motion for a nonsuit, and a judgment of dismissal was entered, from which this appeal is taken.

The trial court granted the nonsuit upon the theory that the entire contract, including the repurchase of the stock, was to be performed within the three year period, and therefore it was necessary that appellant give the notice required for the exercise of his option at least ninety days prior to the end of that period. If the court was correct in this view of the meaning of the contract, then the nonsuit was properly granted, and the assignment of error based upon the court's refusal to permit a trial amendment of the complaint or the introduction of evidence in relation to the conversation of March 26, 1932, becomes moot, since the conversation occurred less than ninety days prior to the end of the three year period.

■ It is a well recognized rule that time is of the essence in option contracts of this character. Jones on Option Contracts states the rule as follows:

"Speaking generally, it is the rule that the optionee is held to a strict performance of the option contract, time of election being the essence of such contracts

whether or not expressly so provided therein." § 848, p. 376.

"The decisions concur in holding that in an option contract, because of its one-sided nature, time of election is of the essence in equity as well as at law, whether expressly so stipulated or not, and that, therefore, the failure of the optionee to exercise his right of election and to give notice within the time stipulated in the option, or implied by law, ends his option rights." § 862, p. 400.

We agree with the trial court that, by the contract, the respondent obligated himself to purchase the stock at any time within the three year period, provided that, within that period, the appellant had given the ninety days notice of his election to sell. The contract as a whole terminated at the close of the three year period. To construe the contract as contended for by appellant would extend its operation for three years and three months. However loosely the contract may be worded in some respects, it is definite and certain as to its duration.

In the case of *Sandberg v. Light,* 55 Wash. 189, 104 Pac. 205, involving a lease with an option to purchase, the court said: "A continuance of the lease was essential to a continuance of the option." So here, the contract had terminated before the option became enforceable. The ninety day notice was a condition precedent to appellant's right of action for specific performance.

In *Waterman v. Banks,* 144 U. S. 394, 12 S. Ct. 646, quoted with approval in *Olsen v. Northern Steamship Co.,* 70 Wash. 493, 127 Pac. 112, the court said: "The condition being lawful, it is not competent for the court to dispense with its performance." The option, according to the terms of the contract, was to be exercised within the life of the contract, and as the ninety day notice of appellant's election was one of the im-

portant and specific conditions, this court cannot disregard it.

A case closely resembling the one at bar is *Mason v. Payne*, 47 Mo. 517, where the lessee brought suit on a contract which granted an option to purchase at any time within five years, upon thirty days notice of intention to exercise the option. The notice was given but two days before the expiration of the five years. In holding this was too late, the court said:

"The plaintiff claims also that the notice was in season—that it was sufficient to give it within the five years. But the notice must have reference to some future time or event or obligation. It can not mean thirty days before he forms an intention or makes an election to purchase, for it is a notice of such intention or election already formed. It must mean thirty days before the plaintiff is entitled to purchase, or the requirement has no significance, and he is not entitled to purchase after the five years. But the plaintiff objects that we deduct thereby thirty days from the time within which he may make his election, and thereby so far defeat the contract. This objection would be reasonable if the contract gave the plaintiff five years within which to form his intention; but instead of that it gives him thirty days less than five years, by giving only five years to purchase, and requiring thirty days' notice of his intention to do so."

The trial court was correct in granting the nonsuit, and its judgment is accordingly affirmed.

MILLARD, C. J., MAIN, MITCHELL, BLAKE, and STEINERT, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent upon the ground that the quoted provision of the contract did not require a tender back of the stock to the seller, but notice of such intention only. In *Olsen v. Northern Steamship Co.*, 70 Wash. 493, 127 Pac. 112, relied upon by the majority, tender and redelivery was a condition precedent. As was said in the opinion:

"The option by its terms was to be exercised within the six months [that is, it was to be consummated]. The redelivery on the one hand within that time was a condition precedent to the duty to make repayment on the other."

This is not true under a proper construction of the contract in the instant case.

*Sandberg v. Light,* 55 Wash. 189. 104 Pac. 205, was a case involving interdependent contracts of lease and option. The one was essential to the other.

I agree with the general rule that the optionee is held to a strict performance of the option contract, time of election being the essence of such contract whether or not expressly so provided, as stated in the majority opinion, but that is true also of the optionor. Each is entitled to the benefits of his bargain and to specific performance, if he moves in time, according to the letter of the contract.

In the case at bar, the contract did not require redelivery of the stock within three years from the date thereof, but only ninety days notice within the three years to the second party (Brennen), his heirs, executors, administrators or assigns. Nor did the contract require written notice or demand within three years. The oral notice theretofore given, on March 26, 1932, should have been as effective as the written notice given on April 6, 1932. After the oral notice of March 26, Brennen had full knowledge that appellant would demand the repurchase of the stock. He also evidently construed the contract as did appellant, for at about the time the option expired he absented himself from his place of business and residence in Seattle and from the state of Washington, so that no written demand could be made upon him if any were required.

I am utterly unable to concur either in the reasoning or the result in *Mason v. Payne,* 47 Mo. 517, which was

284

entirely too technical in reasoning and unjust in result.

The construction of the contract made by the majority shortens the option to two years and nine months, instead of giving the specified three years to exercise the option.

The judgment should be reversed. For these reasons, I dissent.

TOLMAN and BEALS, JJ., concur with HOLCOMB, J.

