[No. 34024.   Department One.   September 12, 1957.]

JOHN CECIL MOORE et al., Appellants, v. NORTHWEST FABRICATORS, INCORPORATED, Respondent.[1]

Charles T. Sharp, for appellants.

S. Dean Arnold, for respondent.

FINLEY, J.—This is an action by John Cecil Moore and Dorothy Velda Moore, husband and wife, plaintiffs-lessees, against Northwest Fabricators, Incorporated, defendant-lessor, to recover damages for an alleged breach of an option to purchase certain farm land.

The answer of defendant-lessor admitted the execution of a written lease, containing an option to purchase the farm land. The answer affirmatively alleged: (1) that

[1]Reported in 314 P. (2d) 941.

plaintiffs had abandoned the lease and option, (2) that defendant had re-entered the premises and terminated the lease; furthermore, defendant-lessor sought recovery of two hundred forty dollars for past due and unpaid rent. Plaintiffs' reply denied the affirmative matter set out in defendant's answer.

The cause was tried to the court. The trial judge found that plaintiffs had abandoned their rights under the lease and option to purchase; that defendant had entered upon the land peacefully and with full knowledge on the part of the plaintiffs; and that plaintiffs had not paid or tendered the rent which was due under the lease before it was terminated. Conclusions of law and judgment were entered dismissing the plaintiffs' complaint and awarding defendant the sum of two hundred forty dollars and costs.

Plaintiffs moved for a new trial on the grounds that there was no evidence or reasonable inference from the evidence to justify the decision, and that it was contrary to law. This motion was denied. The plaintiffs appealed.

The significant question presented is one of fact: namely, whether the acts of appellants constituted an abandonment of their rights under the lease.

Abandonment, as applied to leases, involves an absolute relinquishment of premises by a tenant, consisting of act or omission and an intent to abandon. *Schnitzer v. Lanzara*, 115 N. J. L. 332, 180 Atl. 234; 1 C. J. S. 8, § 3; (*cf. Manello v. Bornstine*, 44 Wn. (2d) 769, 270 P. (2d) 1059, 45 A. L. R. (2d) 494 and cases cited therein, relative to the elements of abandonment).

In February, 1954, respondent sold to appellants two and one half acres of farm land, including the buildings thereon. As a part of the same transaction, the parties executed a written lease, whereby an adjoining seven and one half acre tract of land was let to appellants for a term of two years, commencing March 15, 1954, and terminating on March 15, 1956. The lease contained the following proviso:

"The lessor does hereby grant to the lessee an option to purchase the above described land at any time during this

two year lease period for a price of Forty Five Hundred Dollars ($4500.00) plus the additional cost of fencing material and galvanized pipe to be furnished by the lessor as hereinafter designated.

"  .  .  .

"And it is hereby agreed, that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said lessor to re-enter the said premises and remove all persons therefrom; and the said lessee does hereby covenant, promise and agree to pay the said rent in the manner hereinbefore specified."

The stipulated rental was two hundred forty dollars per year, payable annually, and due on December 31, 1954, and December 31, 1955.

Appellants took possession of the premises in question on March 1, 1954, commenced farming operations, and early in August, 1954, harvested a crop of wheat grown thereon. Also in August, 1954, appellants purchased and received a deed for an additional two and one half acres of the seven and one half acre tract; thus, the option price of the remaining five acres was three thousand dollars.

Commencing in September, 1954, some difficulties arose between the parties as to their mutual rights and duties under the lease. It would serve no useful purpose to enter upon a detailed discussion of the evidence relative thereto. Suffice it to say that the parties had numerous conferences during October and November, 1954. Appellants requested an exchange of strips of property with respondent to change an existing access road to the farm buildings. This, in effect, would have changed the road from its present location upon the five acres under lease to a point wholly upon appellant's five-acre tract. Respondent declined this request. The evidence also reveals that, in the fall of 1954, respondent furnished certain additional irrigation pipe to appellants, although it was not obligated to do so under the lease. This irrigation pipe, as well as the pipe furnished by respondent in accordance with the provisions of the lease, was installed by appellants wholly upon their five-acre tract. Appellants admitted that these acts were a

result of the conferences between the parties. Appellants also indicated, by words, acts, and conduct, that they could not or would not perform their obligations under the lease. One such incident is shown in the direct examination of Mr. Rex Humphrey, president of respondent corporation. He testified as follows:

"Q. Did Mr. Moore [appellant] say anything to you about taking or not taking it [the five acres under lease]? A. It was our understanding with him at that time he wanted nothing to do with the lease any more. He wanted to establish his five acres and abandon the rest. He did not use the word abandon at that time but it was substantially the same thing. Q. He wasn't going to farm it that coming year [1955]? A. That was my understanding."

Of course, appellants testified that they did not intend to abandon the lease.

The rent for 1954 was not paid on December 31, 1954. Respondent billed appellants in March, April, and May, 1955, but they did not pay the rent, nor did they reply or communicate with respondent. No farming operations whatsoever were conducted on the five acres under lease after August, 1954.

In the latter part of April, 1955, respondent listed the five-acre tract for sale with a realtor. About May 5, 1955, it was sold to Homer Johnson for forty-five hundred dollars, and Mr. Johnson took possession immediately. In November, 1955, appellants commenced this suit to recover fifteen hundred dollars, being the difference between the sale price to Mr. Johnson and the agreed option price.

■ We are convinced that the evidence is sufficient to support the decision of the trial judge: that appellants, by their acts and conduct, clearly evidenced an intention to abandon the lease and to relinquish control of the premises. *Schuss v. Rice*, 152 Wash. 538, 278 Pac. 428.

■ From the foregoing, it also follows that there was a surrender of the lease. In *Brown v. Hayes*, 92 Wash. 300, 159 Pac. 89, we said:

" 'A surrender may arise either from the express agreement of the parties, or by operation of law. And, whenever a surrender is implied from the acts of the parties, it is a

surrender by operation of law. This inference may be drawn from anything which amounts to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume, possession of the premises.' 2 Wood, Landlord & Tenant (2d ed.), p. 1174."

We hold that the findings of fact relative to abandonment and termination or surrender of the lease are adequately supported by the record.

■ Appellants have no standing to sue for damages for breach of the option to purchase. A lessee must establish that the lease containing the option was in full force and effect at the time he attempted to exercise the option. *Rademacher v. Rademacher*, 27 Wn. (2d) 482, 178 P. (2d) 973; *Sandberg v. Light*, 55 Wash. 189, 104 Pac. 205.

The trial court did not err in denying the motion for a new trial.

The judgment of the trial court is affirmed.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.

---

October 17, 1957. Petition for rehearing denied.