**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBY TUCKER; Z.T., a minor, | No. 14-36096 |
| Plaintiffs-Appellants, | D.C. No. 2:13-cv-01566-BAT |
| v. | |
| SEATTLE HOUSING AUTHORITY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding[**]

Submitted October 25, 2016[***]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Bobby Tucker and his minor child, Z.T., appeal pro se from the district

court's summary judgment in their 42 U.S.C. § 1983 action alleging claims relating

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to their project-based Section 8 housing.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because appellants failed to raise a genuine dispute of material fact as to whether they were entitled to a grievance procedure and to remain on the housing wait list.  *See* 42 U.S.C. § 1437f(o)(13)(J) (family retains place on waiting list only where family "rejects an offer of project-based assistance"); *Moore v. Nw. Fabricators, Inc.*, 314 P.2d 941, 942 (Wash. 1957) ("Abandonment, as applied to leases, involves an absolute relinquishment of premises by a tenant, consisting of act or omission and an intent to abandon."); 24 C.F.R. § 983.256(f)(3)(ii) ("The term of the lease terminates if . . . [t]he tenant terminates the lease"); 24 C.F.R. § 983.261(d) ("If the family terminates the assisted lease before the end of one year, the family relinquishes the opportunity for continued tenant-based assistance.").

We do not consider new evidence introduced on appeal.  *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Appellants' requests for appointment of counsel are denied.

Appellants' motion to expedite the case, filed on May 23, 2016, is granted.

**AFFIRMED.**